PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARY SUE HAMMOND, ) | |
| ) | CASE NO. 4:22CV1325 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| PNC BANK, N.A., *et al.*, ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |

*Pro se* Plaintiff Mary Sue Hammond filed this action under 42 U.S.C. § 1983 against Defendants PNC Bank, N.A. ("PNC"), Mahoning County Common Pleas Court Judge Anthony Donofrio, and John Does 1 through 100. In the Complaint, Plaintiff alleges that Judge Donofrio wrongfully granted a judgment in foreclosure to PNC Bank. Although Judge Donofrio subsequently vacated the foreclosure judgment and dismissed the case after Plaintiff paid the entire balance of the mortgage with interest to PNC, Plaintiff filed this action to object to decisions Judge Donofrio made while the foreclosure action was pending. She contends Judge Donofrio denied her access to the courts, a jury trial, and due process by granting PNC's Motion for Summary Judgment. She asserts that the decision was made in error because the Constitution guarantees her a jury trial. She also includes state law claims. She asks this Court to vacate the already vacated foreclosure judgment, enjoin the Defendants from foreclosing on the property in the future, and award her monetary damages.

(4:22CV1325)

## I. Background

Plaintiff alleges that PNC filed a foreclosure action against her on November 7, 2019 in the Mahoning County Court of Common Pleas. *See PNC Bank N.A. v. Hammond*, No. 2019 CV 2285 (Mahoning Ct. Comm. Pl. June 13, 2022). Judge Donofrio was assigned to preside over the case. PNC filed a Motion for Summary Judgment on September 29, 2021. *Id.* Judge Donofrio granted that Motion on January 12, 2022, and issued a judgment of foreclosure in favor of PNC in the amount of $51,752.17 plus 5.25 % interest from May 4, 2018. *Id.*

The property was sold by a private selling officer on March 29, 2022. *Id.* Prior to the court's confirmation of the sale, Plaintiff tendered the balance of the mortgage in full, including the interest owed on the delinquent portion. *Id.* PNC accepted the payment and asked the court on May 25, 2022 to vacate the private sale and return the deposit to the purchaser. *Id.* Judge Donofrio granted that Motion on May 26, 2022 and vacated the sale. *Id.* Because Plaintiff fully paid the loan balance, PNC filed a Motion on June 9, 2022 asking the court to vacate the judgment of foreclosure and dismiss the case. *Id.* Judge Donofrio granted that Motion on June 13, 2022. *Id.*

Plaintiff then filed this action on July 27, 2022, asking this Court to vacate the already vacated foreclosure judgment, stay the vacated foreclosure sale, forever enjoin PNC from foreclosing on her property, determine that PNC lacked standing to file the foreclosure action, and award her $ 90,000.00. ECF. No. 1 at PageID #: 28. She claims she had a constitutional right to a jury trial and Judge Donofrio denied her freedom of speech, access to the courts, trial by jury, and due process when he granted PNC's Motion for Summary Judgment. She also

(4:22CV1325)

asserts state law claims for deceptive consumer practices, and libel and defamation based on the same legal theory.

## II. Standard for Dismissal

The Court is required to construe a Plaintiff's *pro se* Complaint liberally and to hold it to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam), district courts are permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid Complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Dismissal on a *sua sponte* basis is also authorized where the asserted claims lack an arguable basis in law, or if the district court lacks subject matter jurisdiction over the matter. *Id.* at 480; *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).

## III. Law and Analysis

Article III of the United States Constitution confines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies.' *Hollingsworth v. Perry*, 570 U.S. 693, 700 (2013). "If a dispute is not a proper case or controversy, the courts have no business deciding it, or expounding the law in the course of doing so." *Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006). In the absence of a live dispute under Article III, dismissal for lack of jurisdiction is appropriate. *Lyshe v. Levy*, 854 F.3d 855, 857 (6th Cir. 2017); *KNC Investments, LLC v. Lane's*

3

(4:22CV1325)

*End Stallions, Inc.*, 579 Fed.Appx. 381, 383 (6th Cir. 2014). Furthermore the "actual controversy" must exist not only at the time the case is filed in federal court, but also throughout all stages of the litigation. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90-91 (2013).

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.' " *Id*. at 91 (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). "No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the federal lawsuit, the case is moot if the dispute 'is no longer embedded in any actual controversy about the plaintiffs' particular legal rights.'" *Id.* (quoting *Alvarez v. Smith*, 558 U.S. 87, 93 (2009)).

There is no live case or controversy in this action. The judgment to which Plaintiff objects was already vacated by Judge Donofrio. The sale she asks this Court to enjoin was also vacated. Furthermore, Plaintiff paid in full the balance owed on the loan, thus, satisfying the mortgage. This alleviates the possibility that PNC could file another action to foreclose on the loan in the future. While Plaintiff may believe that Judge Donofrio committed errors during the litigation process, including his decision to grant summary judgment in favor of PNC, a decision to that effect from this Court would be purely academic and would serve no purpose because the judgment no longer exists. There is no current issue for this Court to resolve. This case is moot.

Moreover, even if the judgment had not already been vacated and the case were not moot, this Court would lack subject matter jurisdiction to vacate a state court judgment. United States district courts do not have jurisdiction to overturn state court decisions even if the request to reverse the state court judgment is based on an allegation that the state court's action was

4

(4:22CV1325)

unconstitutional. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). Federal appellate review of state court judgments can only occur in the United States Supreme Court by appeal or by writ of certiorari. *Id.* Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court based on the party's claim that the state judgment itself violates his or her federal rights. *Berry v. Schmitt* 688 F.3d 290, 298-99 (6th Cir. 2012). The Rooker-Feldman doctrine applies only where a party losing his or her case in state court initiates an action in federal district court complaining of injury caused by a state court judgment itself and seeks review and rejection of that judgment. *Id.*; *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). That is precisely the type of review Plaintiff is asking this Court to conduct. This Court lacks jurisdiction to conduct that review.

In addition, Plaintiff could not proceed with claims for monetary damages under 42 U.S.C. § 1983 against either of these two Defendants. As an initial matter, § 1983 provides a cause of action against state or local governments and their officials for violations of her constitutional rights. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). PNC is not a state or local government agency. It cannot be sued under § 1983. Although Judge Donofrio is a state actor, he is absolutely immune from suits for damages that are based solely on the decisions he rendered in cases pending before him. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1116 (6th Cir. 1997). A judge will be not deprived of immunity even if the action he or she took was performed in error, done maliciously, or was in excess of his or her authority. *Stump v. Sparkman*, 435 U.S. 349 (1978). As Plaintiff bases her claims against Judge Donofrio on his decision to grant PNC's Motions, he is absolutely immune from suit.

(4:22CV1325)

## IV.  Conclusion

Accordingly, this action is dismissed.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

  March 15, 2023                                     */s/ Benita Y. Pearson*  
Date                                                             Benita Y. Pearson  
                                                                                  United States District Judge